1999 ND 245

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Russel Allen ULMER, Defendant and Appellant.**

Nos. 990230, 990231.

Supreme Court of North Dakota.

Dec. 22, 1999.

Terry W. Elhard, State's Attorney, Ashley, N.D., for plaintiff and appellee.

David N. Ogren, Herr & Ogren, Wishek, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Russel Ulmer appealed from an order of the district court denying his motion under N.D.R.Crim.P. 35 for correction of his sentence. We hold the trial court's imposition of consecutive one-year sentences of incarceration for Ulmer's two misdemeanor convictions did not violate N.D.C.C. § 12.1–32–11(3), and we affirm.

I

[¶ 2] On April 4, 1998 Ulmer drove his vehicle off the highway, causing it to roll over. He was charged with driving while under the influence of intoxicating liquor, in violation of N.D.C.C. § 39–08–01, and was also charged with driving a motor vehicle while his license to drive was under suspension, in violation of N.D.C.C. § 39–06–42. Because Ulmer had prior violations, each of these charges was filed as a class A misdemeanor. A jury found Ulmer guilty on both counts.

[¶ 3] The district court sentenced Ulmer to one year of incarceration on each of the two convictions, with the sentences to run consecutively. Ulmer filed a motion under N.D.R.Crim.P. 35, requesting the court to amend his sentence, claiming N.D.C.C. § 12.1–32–11(3) prohibited imposition of consecutive sentences in this case, and requesting the court to make the one-year sentences run concurrently. The trial court denied the motion, and Ulmer appealed.

II

[¶ 4] Generally, unless there is a statute to the contrary, it is within the trial court's sound discretion whether a sentence should run concurrently with or consecutively to another sentence. *State v. McClean*, 1998 ND 21, ¶ 10, 575 N.W.2d

200. N.D.C.C. § 12.1–32–11(3) places some limitation upon imposing consecutive sentences for multiple misdemeanor convictions:

> When sentenced only for misdemeanors, a defendant may not be consecutively sentenced to more than one year, except that a defendant being sentenced for two or more class A misdemeanors may be subject to an aggregate maximum not exceeding that authorized by section 12.1–32–01 for a class C felony[1] if each class A misdemeanor was committed as part of a different course of conduct or each involved a substantially different criminal objective.

Under this statute, the district court was authorized to sentence Ulmer to consecutive terms of incarceration for the two class A misdemeanor convictions if each misdemeanor was committed "as part of a different course of conduct" or if each misdemeanor "involved a substantially different criminal objective." The district court concluded Ulmer's misdemeanors involved different criminal objectives and imposed consecutive sentences.

[¶ 5] On appeal, Ulmer argues the convictions arose from a single course of conduct and, even though he violated two separate criminal statutes, the violations did not involve "substantially different criminal objective[s]." He claims the trial court was not, therefore, authorized to impose consecutive sentences of incarceration. We disagree.

[¶ 6] Resolution of this issue requires interpretation of N.D.C.C. § 12.1–32–11(3), which is a question of law. *Blikre v. ACandS, Inc.*, 1999 ND 96, ¶ 5, 593 N.W.2d 775. In construing a statute, our duty is to ascertain the intent of the legislature. *Anderson v. Anderson*, 1999 ND 57, ¶ 4, 591 N.W.2d 138. In ascertaining legislative intent, we look first to the language of the statute as a whole and

1. The maximum sentence of incarceration for a class C felony is five years. N.D.C.C. § 12.1–32–01(4).

construe the statute's words in their plain, ordinary and commonly understood sense. *Id.* Under the statute, the trial court can impose consecutive sentences for class A misdemeanors if they involve substantially different criminal objectives. The word "substantially" is a relative term and should be interpreted in accordance with the context in which it is used. *See Hughes v. State Farm Mut. Auto. Ins. Co.,* 236 N.W.2d 870, 883 (N.D.1975).

[¶ 7] The essential elements of a DUI offense are (1) the defendant was driving a motor vehicle on a public way; and (2) while driving the defendant was under the influence of intoxicating liquor. *State v. Salhus,* 220 N.W.2d 852, 856 (N.D. 1974). The essential elements of the offense of driving with a suspended license are (1) the defendant drove a motor vehicle on a public way, and (2) while driving, the defendant's privilege to drive was suspended or revoked. *State v. Woehlhoff,* 515 N.W.2d 192, 194 (Ct.App.1994). While a person might commit both offenses with a single course of conduct, these crimes, nevertheless, involve separate and distinct violations of the law. Each offense may be committed separate and apart from commission of the other. To drive a vehicle with a suspended or revoked license shows a criminal objective to operate a vehicle without authorized privilege to do so. To operate a vehicle while under the influence of alcoholic beverages shows a criminal intent to drive without regard to whether one is driving impaired. While both violations involve driving a vehicle, they have substantially different criminal objectives.

[¶ 8] In determining whether two crimes involved the "same criminal intent" for sentencing purposes, the Washington Court of Appeals in *State v. Flake,* 76 Wash.App. 174, 883 P.2d 341, 344 (1994), concluded, "[w]hether two or more crimes require the same objective criminal intent can be measured by determining whether one crime furthered another." The defendant in *Flake* was found guilty of separate offenses of vehicular assault and "hit and run injury accident." The court held,

"Flake's objective purposes for the two crimes were different. When he committed the hit and run, Flake objectively intended to avoid responsibility for the collision by leaving the scene. That intention has no relation to the crime of vehicular assault or any criminal purpose that might be ascribed to it. In addition, Flake's commission of the hit and run did not further the vehicular assault because the assault was already completed when Flake fled the scene." *Id.* at 344–345. While this case is not factually analogous to *Flake,* the same reasoning applies in concluding Ulmer's violations involved different criminal objectives. Just as the defendant in *Flake* had different criminal objectives when he hit the pedestrian with his vehicle and when he subsequently fled from the scene, Ulmer had different criminal objectives in driving without a license and in driving while impaired and under the influence of intoxicating liquor. Neither of Ulmer's crimes could be said to have been in furtherance of the other.

### III

[¶ 9] N.D.C.C. § 12.1–32–11(3) was adopted by the legislature in 1973 and is a near verbatim adoption of Subsection (4) of Section 3204 of the proposed Federal Criminal Code. It is appropriate, therefore, for us to look to the drafters' Comment to the proposed federal code for insight into the meaning of our statute. *State v. Rasmussen,* 524 N.W.2d 843, 844 (N.D.1994). The Comment to Subsection (4) merely states, "[w]hen . . . . a defendant is convicted of unrelated class A misdemeanors he may be consecutively sentenced into the class C felony sentence range." Neither the code draft nor the commentary to Subsection (4) further explains or defines what the drafters meant by "substantially different criminal objective." However, Subsection (2) of Section 3204 of the proposed Federal Criminal Code, which limits consecutive sentences for multiple offenses, together with the Comment to Subsection (2) provide useful insight into the drafters' intended meaning of the phrase "substantially different crim-

inal objective" under Subsection (4) of the federal draft.

■ [¶ 10] Subsection (2) states:

(2) Multiple Sentences. A defendant may not be sentenced consecutively for more than one offense to the extent:

(a) one offense is an included offense of the other;

(b) one offense consists only of a conspiracy, attempt, solicitation or other form of preparation to commit, or facilitation of, the other; or

(c) the offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

The Comment to Subsection (2) explains:

Subsection (2) prohibits consecutive sentences in three situations where the multiple crimes result from *one criminal objective*. An alternative and more general statement might be: "The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was *no substantial change in the nature of the criminal objective*."

[Emphasis added.] Subsection (2) defines, in effect, the circumstances under which multiple offenses involve one criminal objective rather than different criminal objectives. This proposed federal language offers a bright-line definition for determining when multiple offenses involve different criminal objectives. We conclude that under N.D.C.C. § 12.1–32–11(3), multiple class A misdemeanor offenses may be deemed by the sentencing court to involve substantially different criminal objectives if they do not fall under one of the following three categories: (1) one offense is an included offense of the other; (2) one offense consists of a conspiracy, attempt, solicitation, or other form of preparation to commit, or facilitation of, the other; or (3) the offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.[2]

IV

[¶ 11] Ulmer was found guilty of driving under the influence of alcohol and was also found guilty of driving a vehicle with a suspended license. Each of these violations requires evidence or proof of a fact different from or additional to the proof required to convict of the other. Neither offense is an included offense of the other. Neither offense consists of a conspiracy, attempt, or other form of preparation to commit the other. Lastly, neither offense prohibits generally the same conduct prohibited specifically by the other. We, therefore, hold, as a matter of law, the two class A misdemeanor offenses for which Ulmer was convicted each involved a substantially different criminal objective. We further hold the trial court was authorized under N.D.C.C. § 12.1–32–11(3), to impose consecutive sentences for Ulmer's convictions, and we affirm the order denying Ulmer's motion for correction of sentence.

[¶ 12] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, JJ., and WILLIAM F. HODNY, S.J., concur.

[¶ 13] WILLIAM F. HODNY, S.J., sitting in place of VANDE WALLE, C.J., disqualified.

---

**2.** Generally, the same act or transaction may constitute two distinct offenses and justify conviction on both and separate sentences to run consecutively if each offense requires the proof of some fact or element not required to establish the other. *State v. Andersen*, 238 Neb. 32, 468 N.W.2d 617, 622 (1991); *State v. Teutsch*, 80 S.D. 462, 126 N.W.2d 112, 115 (1964); *see also State v. Criswell*, 242 N.W.2d 259, 261 (Iowa 1976). This general rule is also in harmony with our interpretation and application of N.D.C.C. § 12.1–32–11(3). Under the statute, as under the general rule of law, the trial court can impose consecutive sentences for multiple offenses when each requires proof of a different element or fact.