2000 ND 212

**STATE of North Dakota, Plaintiff and Appellee,**

**v.**

**Tanya R. GLASS, Defendant and Appellant.**

**No. 20000126.**

Supreme Court of North Dakota.

Dec. 12, 2000.

Rick Lee Volk, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Tanya Renee Glass appeals from a judgment of conviction entered upon a jury verdict finding her guilty of driving under the influence of alcohol. Concluding the district court's jury instructions were proper and Glass failed to preserve her objection to the exclusion of testimony regarding bipolar disorder, we affirm the judgment of conviction.

I

[¶ 2] At approximately 1:30 a.m. on October 16, 1999, a Bismarck police officer stopped a vehicle, occupied solely by Glass, for failure to stop at a stop sign. The officer subsequently arrested Glass for driving under the influence of alcohol ("DUI"). Glass was convicted by a jury of driving under the influence of alcohol. She raises two issues on appeal: (1) whether the district court erred in excluding evidence of her bipolar disorder; and (2) whether the district court erred in failing to instruct the jury on the requisite culpability for the offense of DUI. Glass argues that exclusion of bipolar disorder evidence and failure to instruct on the

required culpability for DUI were obvious error.

[¶ 3] The district court had jurisdiction under N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 29–28–06.

## II

[¶ 4] If a defendant fails to preserve an issue for appeal, our standard of review requires a showing of "obvious error which affects substantial rights of the defendant." *State v. Jones,* 557 N.W.2d 375, 378 (N.D.1996) (quoting *State v. Thiel,* 411 N.W.2d 66, 70 (N.D.1987); N.D.R.Crim.P. 52(b)). "We exercise our power to consider obvious error cautiously and only in 'exceptional situations where the defendant has suffered serious injustice.'" *State v. Ash,* 526 N.W.2d 473, 482 (N.D.1995) (quoting *State v. Smuda,* 419 N.W.2d 166, 168 (N.D.1988)).

[¶ 5] We review jury instructions as a whole and determine "whether they correctly and adequately inform the jury of the applicable law, even though part of the instructions when standing alone may be insufficient or erroneous." *State v. Wilson,* 1999 ND 34, ¶ 11, 590 N.W.2d 202 (citations omitted).

## III

[¶ 6] Glass argues the district court erred in excluding evidence of her bipolar disorder. She argues her bipolar disorder results in mood swings and the State used evidence of her mood swings at trial to demonstrate her impairment at the time of her DUI arrest. Glass argues she should have been allowed to present evidence of bipolar disorder, not as a mental disease or defect capable of being asserted as a defense, but rather as an explanation of her mood swings.

[¶ 7] When counsel for Glass asked the arresting officer about bipolar disorder, the State objected and requested a sidebar. At sidebar, the State argued Glass had an obligation under Rule 12.2 of the North Dakota Rules of Criminal Procedure to notify the State if she intended to introduce evidence of bipolar disorder. The district court sustained the objection on that basis, and defense counsel did not make an offer of proof.

## A

[¶ 8] By failing to make an offer of proof, Glass did not preserve this issue for appeal. N.D.R.Ev. 103(a). "Error cannot be predicated upon a ruling which excludes evidence unless the party offering the evidence makes an offer of proof, or the substance of the evidence is apparent from the context in which the question was asked." *State v. Jensen,* 2000 ND 28, ¶ 17, 606 N.W.2d 507 (citing N.D.R.Ev. 103).

[¶ 9] At oral argument, Glass argued the purpose of the offer of the bipolar evidence was apparent to the district court. Our review of the record does not reveal the substance of the offer was clear. After the State objected, Glass did not inform the district court of the purpose for the questioning. Nor did Glass later attempt to introduce bipolar evidence through her own testimony. Had Glass informed the district court of the intended purpose of the offered evidence, she would have made the purpose of the offer apparent to the district court and would have preserved the issue for appellate review. However, without argument of counsel or an offer of proof, the district court could not be expected to know that Glass sought to offer testimony of bipolar disorder for the sole purpose of rebutting testimony about her mood swings. *See State v. Goulet,* 1999 ND 80, ¶ 10, 593 N.W.2d 345 (judges are not expected to understand a party's intention if that intention is not presented to the court); *see also State v. Dymowski,* 459 N.W.2d 777, 780–81 (N.D.1990) (absent objection or argument of counsel, this Court will not review claimed errors where there is no offer of proof or record by which the claimed error can be properly evaluated).

[¶ 10] "One of the touchstones for an effective appeal on any proper issue is that the matter was appropriately raised in the trial court so it could intelligently rule on it." *State v. Osier*, 1999 ND 28, ¶ 14, 590 N.W.2d 205 (citing *Beavers v. Walters*, 537 N.W.2d 647, 652 (N.D.1995); *State v. Neset*, 216 N.W.2d 285 (N.D.1974)). "The Explanatory Note to N.D.R.Ev. 103 'clearly directs the parties to create a record which will permit informed appellate review.'" *Id.* (citing *Gorsuch v. Gorsuch*, 392 N.W.2d 392, 394 (N.D.1986)). Here, there is nothing in the record to permit an informed appellate review of Glass's asserted error. Because Glass failed to make an offer of proof and because the record does not establish the district court knew the rationale for Glass's intended evidence, the failure to object "acts as a waiver of the claim of error." *City of Fargo v. Erickson*, 1999 ND 145, ¶ 22, 598 N.W.2d 787 (Sandstrom, J., concurring specially) (citing *Andrews v. O'Hearn*, 387 N.W.2d 716, 730 (N.D.1986)).

## B

[¶ 11] Even though Glass effectively waived the issue, "the error may provide a basis for reversal if it constitutes obvious error affecting substantial rights of the defendant." *Dymowski*, 459 N.W.2d at 780 (citing *State v. Smuda*, 419 N.W.2d 166, 167–68 (N.D.1988)). "We exercise our power to consider obvious error cautiously and only in 'exceptional situations where the defendant has suffered serious injustice.'" *State v. Ash*, 526 N.W.2d 473, 482 (N.D.1995) (quoting *State v. Smuda*, 419 N.W.2d 166, 168 (N.D.1988)). In order for us to recognize obvious error, a defendant has the burden to show "(1) error, (2) that is plain, and (3) affects substantial rights." *State v. Olander*, 1998 ND 50, ¶ 14, 575 N.W.2d 658 (citing *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). "In analyzing obvious error, our decisions require examination of the entire record and the probable effect of the alleged error in light of all the evidence." *Id.* at ¶ 12 (citing *State v. Woehlhoff*, 540 N.W.2d 162, 165 (N.D.1995)).

[¶ 12] The evidence shows that Glass's mood swings did not begin until after she had been arrested, had refused testing, was taken to jail, and was being booked into detention. The officer testified Glass had a strong odor of alcoholic beverage about her, she had difficulty with motor skills, she had bloodshot and glassy eyes, and she admitted she had "done wrong" and should therefore be arrested. The officer testified he observed erratic driving when Glass passed through a stop sign at a high rate of speed, and he testified Glass dropped her identification card on the vehicle's floorboard.

[¶ 13] Even absent chemical testing, the evidence presented here was sufficient to affirm the conviction. *See State v. Shipton*, 339 N.W.2d 87, 88–89 (N.D.1983); *State v. Halvorson*, 340 N.W.2d 176, 177–78 (N.D.1983); *State v. Pollack*, 462 N.W.2d 119, 121–22 (N.D.1990) (evidence sufficient for convictions in each instance, even without a chemical test).

[¶ 14] If there was error that was obvious, it "must affect 'substantial rights,' that is, it must have been prejudicial, or affected the outcome of the proceeding." *Olander*, 1998 ND 50, ¶ 15, 575 N.W.2d 658. The burden of showing prejudice is on the defendant. *Id.* at ¶ 17. The record shows Glass was allowed to explain her behavior as having been caused by fear that her boyfriend may have been angry. Glass testified she was traveling in a direction other than the one described by the officer and therefore could not have failed to stop at a stop sign. Glass also testified she was not unsteady, she had naturally occurring nystagmus, she had only four or five beers, and she had not dropped her identification card on the vehicle's floorboard.

[¶ 15] We recognize obvious error only with extreme caution and have done so only in very limited circumstances. *See Olander*, 1998 ND 50, ¶ 12, 575 N.W.2d 658 (detailing cases recognizing obvious error). In light of all the evidence on the

record, we conclude there was substantial evidence upon which the jury could find Glass guilty, and we decline to presume that exclusion of bipolar evidence was prejudicial or would have affected the outcome. Therefore, because Glass has failed to establish the alleged error affected her substantial rights, we conclude exclusion of the bipolar evidence was not obvious error.

## IV

[¶ 16] Glass argues the district court erred in failing to instruct the jury regarding the required culpability for DUI. Glass argues DUI offenses do not specify a culpability level and are therefore "willful" offenses. The State argues the willful culpability level applies only to offenses in Chapter 12.1 of the North Dakota Century Code and therefore does not apply to DUI offenses contained in Chapter 39 of the Century Code.

[¶ 17] Glass bases her argument on N.D.C.C. § 12.1–02–02(2), which states provisions of the criminal code not prescribing culpability require a showing of willful culpability. "[W]e have stated section 12.1–02–02(2) is only applicable to Title 12.1, and the willful culpability level will not be read into other chapters unless the legislature specifically states as such." *State v. Eldred*, 1997 ND 112, ¶ 31, 564 N.W.2d 283 (citations omitted). Glass offers no evidence that the legislature intended to apply section 12.1–02–02(2) to the DUI provision, section 39–08–01.

### A

[¶ 18] The record establishes the trial court inquired whether either party had objections to the proposed jury instructions prior to the case being submitted to the jury. Neither party objected. We have long held that a party cannot claim error in jury instructions when that party has not offered a proposed instruction or objected to the instructions given. "Rule 30(c), N.D.R.Crim.P., requires an objection to a designated part or omission of a proposed jury instruction to preserve

the issue for appeal when counsel has received a copy of the proposed instructions and has been given an opportunity to object." *City of Bismarck v. Towne*, 1999 ND 49, ¶ 11, 590 N.W.2d 893 (citing *Woehlhoff v. State*, 531 N.W.2d 566, 568 (N.D.1995)). When provided a copy of the proposed instructions and given an opportunity to object, the defendant's failure to subsequently raise an objection generally precludes a defendant from raising the issue on appeal. *Id.*

[¶ 19] When a party fails to adequately preserve the issue of allegedly improper jury instructions under N.D.R.Crim.P. 30(c), our inquiry is limited under N.D.R.Crim.P. 52(b) "to whether the court's failure to instruct the jury on this issue was obvious error affecting substantial rights." *State v. Olander*, 1998 ND 50, ¶ 11, 575 N.W.2d 658.

### B

[¶ 20] As noted, obvious error requires a showing of error that is plain and that affects substantial rights. *Olander*, 1998 ND 50, ¶ 14, 575 N.W.2d 658 (citing *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Because we conclude there was no error, we likewise conclude there was no obvious error.

#### 1

[¶ 21] In *State v. Ulmer* we stated the "essential elements of a DUI offense are (1) the defendant was driving a motor vehicle on a public way; and (2) while driving the defendant was under the influence of intoxicating liquor." 1999 ND 245, ¶ 7, 603 N.W.2d 865 (citing *State v. Salhus*, 220 N.W.2d 852, 856 (N.D.1974)). The absence of culpability in the essential elements of the offense establishes that DUI is a strict liability offense. *Cf. State v. Olson*, 356 N.W.2d 110, 112 (N.D.1984) (stating the absence of a culpability requirement in section 39–08–07 creates a strict liability offense when a driver strikes an unattended vehicle and fails to notify the vehicle's owner).

[¶ 22] In discussing actual physical control of a motor vehicle while under the influence of alcohol under section 39–08–01, and application of the presumptions of intoxication contained in section 39–20–07, this Court has stated, "We are not here concerned with a crime dependant upon the accused's intent. Rather, we are concerned with a strict liability crime of control of a vehicle while under the influence of intoxicating liquor." *State v. Vogel*, 467 N.W.2d 86, 90 (N.D.1991). Further discussing the legislative history behind the presumptions of intoxication contained in section 39–20–07, this Court stated the legislative intent "was to establish a 'per se,' strict-liability crime in two ways." *Id.* at 89.

### 2

[¶ 23] We conclude that because DUI is a strict liability offense, the willful culpability requirement of N.D.C.C. § 12.1–02–02(2) does not apply and therefore the district court had no obligation to instruct the jury as to any level of culpability. We further conclude error cannot be predicated on failure to give an instruction that would misstate the law. *See State v. Anderson*, 480 N.W.2d 727, 730 (N.D.1992) (a court must refuse to give an instruction that misstates the law); *see also Olander*, 1998 ND 50, ¶ 18, 575 N.W.2d 658 (instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse; jury instructions are reviewed as a whole) (citations omitted).

[¶ 24] The district court did not commit error, obvious or otherwise, in failing to give an instruction on culpability, a nonessential element of a strict liability offense. *See State v. Ulmer*, 1999 ND 245, ¶ 7, 603 N.W.2d 865 (identifying the essential elements of a DUI (citing *State v. Salhus*, 220 N.W.2d 852, 856 (N.D.1974))); *see also Olander*, 1998 ND 50, ¶¶ 18–20, 575 N.W.2d 658 (a court must give an instruction identifying the State's burden for all essential elements of the crime).

### V

[¶ 25] The judgment of conviction is affirmed.

[¶ 26] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, JJ., WILLIAM W. McLEES, D.J., concur.

[¶ 27] WILLIAM W. McLEES, D.J., sitting in place of KAPSNER, J., disqualified.