2016 ND 248

Cheryl L. PFEFFER, Petitioner
and Appellant

v.

STATE of North Dakota, Respondent
and Appellee

No. 20160188

Supreme Court of North Dakota.

Filed 12/20/2016

Scott O. Diamond, Fargo, ND, for petitioner and appellant.

Mark R. Boening (argued), Assistant State's Attorney, and Gary E. Euren (on brief), Assistant State's Attorney, Fargo, ND, for respondent and appellee.

VandeWalle, Chief Justice.

[¶ 1] Cheryl Pfeffer appealed the district court's order denying her post-conviction relief for ineffective assistance of counsel. We reverse and remand, holding the district court erred in requiring Pfeffer to prove her appeal had a reasonable probability of success for her to have a valid claim of ineffective assistance of counsel.

## I.

[¶ 2] Pfeffer was charged with delivery of a controlled substance and convicted after a two day jury trial. During Pfeffer's sentencing hearing, the State filed certified copies of two prior criminal judgments. With these two prior offenses, the State argued Pfeffer's current conviction was a third offense, and thus subject to a 20-year mandatory minimum sentence under N.D.C.C. § 19–03.1–23(1)(a)(2). Pfeffer's trial attorney argued against the conviction qualifying as her third offense. One of the charges was out of Minnesota and had its imposition of sentence stayed for five years and the five year period had expired prior to Pfeffer's current charge. As such, her trial attorney argued it could not be used to enhance Pfeffer's current sentence. If the district court excluded the Minnesota offense, Pfeffer would be subject to a 5-year mandatory minimum sentence. The district court considered the Minnesota offense and sentenced Pfeffer to a 20-year term of imprisonment.

[¶ 3] After the sentencing, Pfeffer's trial attorney testified he did not advise her of her right to appeal in writing, provide her with a copy of the final judgment, or provide her with other information about the deadlines for filing an appeal. The district court also did not advise Pfeffer of her right to appeal or the time line to appeal.

Pfeffer testified she did not become aware of her ability to appeal until a few months later, when she was in the Dakota Women's Correctional and Rehabilitation Center. She filed a handwritten notice of appeal after the deadline to appeal had passed. Because she missed the deadline, this Court dismissed Pfeffer's appeal.

[¶ 4] Following the dismissal, Pfeffer applied for post-conviction relief. An evidentiary hearing was held and Pfeffer and her trial attorney testified. After the hearing, the district court denied Pfeffer's application for post-conviction relief. In its order, the district court found that although Pfeffer's trial attorney's conduct fell below an objective standard of reasonableness, she was unable to prove how his deficient performance prejudiced her.

## II.

[¶ 5] On appeal, Pfeffer argues the district court erred as a matter of law when it analyzed the second prong of the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The district court ruled Pfeffer failed to prove the second prong because she could not show how her appeal would have been successful if she had appealed. Pfeffer argues this analysis was improper and she should have only been required to show that she would have appealed had she known she had the right to appeal. Pfeffer also argues the district court erred in not granting her relief from its failure to advise her of her right to appeal.

## A.

[¶ 6] The issue of ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable by this Court. *Klose v. State*, 2005 ND 192, ¶ 10, 705 N.W.2d 809. The petitioner has the burden of establishing the grounds for post-conviction relief. *Flanagan v. State*,

2006 ND 76, ¶ 10, 712 N.W.2d 602. We have outlined the burdens placed upon a criminal defendant claiming ineffective assistance of counsel:

> In accord with the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant claiming ineffective assistance of counsel bears the heavy burden of proving (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance.

*Laib v. State*, 2005 ND 187, ¶ 9, 705 N.W.2d 845.

[¶ 7] When the basis of an appellant's ineffective assistance claim is counsel's failure to appeal, a more specific version of the *Strickland* test applies. *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985, (2000). In *Flores–Ortega*, the United States Supreme Court rejected a California rule "that a habeas petitioner need only show that his counsel's failure to file a notice of appeal was without the petitioner's consent" in order to have a valid ineffective assistance of counsel claim. *Id.* at 475–76, 120 S.Ct. 1029. The Court held any such per se rule was "inconsistent with *Strickland*'s holding that 'the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.'" *Id.* at 478, 120 S.Ct. 1029 (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052). Instead of a per se rule, the Court used a circumstance-specific analysis. *Flores–Ortega*, 528 U.S. at 478, 120 S.Ct. 1029.

### 1.

[¶ 8] The first step of the circumstance-specific analysis is to find whether counsel consulted with his or her client regarding an appeal:

the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal.... If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.... If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Id.* The Court defined "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.*

[¶ 9] The Court then used a modified version of the *Strickland* test to determine when such failure to consult with a client regarding an appeal constitutes deficient performance:

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* at 480, 120 S.Ct. 1029. A defendant can satisfy the first prong of *Strickland* by proving either of these two factors, or by showing counsel's conduct fell below a state imposed standard of reasonableness. *Id.* at 479, 120 S.Ct. 1029.

[¶ 10] For the first prong, the district court held that Pfeffer's trial attorney's failure to inform Pfeffer of her right to appeal in writing fell below an objective standard of reasonableness. The district court found Pfeffer's trial attorney's conduct fell below an objective standard of reasonableness because he failed to conform to the professional standards outlined in the Commission on Legal Counsel for Indigents—Performance Standards: Criminal Matters. Performance Standard 13.2 requires attorneys to "inform the defendant of his or her right to appeal, the action that must be taken to perfect an appeal, and the time in which that action must be taken. This notice should be given in writing." Such performance standards are guidelines, not rules of court and are not mandatory. Therefore, Pfeffer's trial attorney's failure to inform Pfeffer of her right to appeal in writing does not alone fall below an objective standard of reasonableness. However, at the hearing and oral argument, the State conceded Pfeffer's trial attorney's conduct met the first prong of *Strickland*. Therefore we need not determine if an attorney's failure to inform a client in writing of the right to appeal falls below an objective standard of reasonableness.

**2.**

[¶ 11] To satisfy the second prong of *Strickland*, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores–Ortega*, 528 U.S. at 484, 120 S.Ct. 1029. When a defendant, during a critical stage of a judicial proceeding, was denied the assistance of counsel altogether, "no specific showing of prejudice is required, because the adversary process itself is presumptively unreliable." *Id.* at 483, 120 S.Ct. 1029 (quoting *United States v. Cronic*, 466 U.S. 648, 659; 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)). The Court explained

"counsel's alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself." *Flores–Ortega*, 528 U.S. at 483, 120 S.Ct. 1029. As such, the "deficiency deprived [the defendant] of the appellate proceeding altogether," and therefore, "demands a presumption of prejudice." *Id.* "Nevertheless, the Supreme Court said that although prejudice was presumed, the defendant still had to show that counsel's deficient performance 'actually cause[d] the forfeiture of the defendant's appeal.'" *Whiteman v. State*, 2002 ND 77, ¶ 12, 643 N.W.2d 704 (quoting *Flores–Ortega*, 528 U.S. at 484, 120 S.Ct. 1029). The Court held, "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores–Ortega*, 528 U.S. at 484, 120 S.Ct. 1029.

[¶ 12] The United States Supreme Court outlined a number of factors to aid in determining this prong. Such factors include, but are not limited to: whether the defendant pled guilty, the trial court's instructions to the defendant regarding his right to appeal, any waiver of a right to appeal in a plea bargain agreement, evidence of nonfrivolous grounds for appeal, and whether the defendant promptly expressed a desire to appeal. *Id.* at 479–80, 485, 120 S.Ct. 1029. It is not mandatory for a defendant to show nonfrivolous grounds for an appeal to have a successful claim of ineffective assistance of counsel. The Court stated:

> although showing nonfrivolous grounds for appeal may give weight to the contention that the defendant would have appealed, a defendant's inability to "specify the points he would raise were his right to appeal reinstated," . . . will

not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed. *Flores–Ortega*, 528 U.S. at 486, 120 S.Ct. 1029 (quoting *Rodriquez v. U.S.* 395 U.S. 327, 330, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969)). The Court concluded "it is unfair to *require* an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal." *Flores–Ortega*, 528 U.S. at 486, 120 S.Ct. 1029 (emphasis in original).

[¶ 13] In its order, the district court analyzed Pfeffer's claim of ineffective assistance of counsel under the traditional *Strickland* test, not the modified test of *Flores–Ortega*. The district court found that Pfeffer's trial attorney's actions fell below an objective standard of reasonableness, but she failed to meet her burden of showing prejudice. The district court held, "[a]t the hearing, Pfeffer failed to demonstrate that, but-for [her trial attorney's] failure, there was a reasonable probability the result of her appeal would have been different. Specifically, Pfeffer did not allege any grounds for an appeal she would have filed had she been properly informed of her right to appeal."

[¶ 14] This analysis is incorrect under *Flores–Ortega*. *Flores–Ortega* altered the analysis for prejudice; the second prong of *Strickland* simply requires the defendant to show he would have appealed if not for his counsel's deficiencies. Therefore, the district court erroneously required Pfeffer to show her appeal had a reasonable probability of succeeding; the proper legal analysis would be to determine whether Pfeffer would have appealed if not for her trial attorney's failure to inform her of her right to an appeal.

### B.

[¶ 15] On appeal, Pfeffer also argues the district court erred when it found she was not prejudiced by its failure to inform her of her right to appeal under N.D.R.Crim.P. 32. Rule 32(a)(3) provides:

> After imposing sentence in a case that has gone to trial, the court must advise the defendant of the defendant's right to appeal and of the right of a person who is unable to pay the costs of an appeal to apply for appointment of counsel for purposes of appeal.

In *Wilson v. State*, this Court "adopt[ed] the holding of the United States Supreme Court in *Peguero v. U.S.*, 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999), that a court's failure to advise a defendant of his right to appeal after sentencing is sufficient grounds for relief only when the defendant is prejudiced by the court's error." 2013 ND 124, ¶ 16, 833 N.W.2d 492. This Court has "consistently held a defendant must show he is prejudiced by a court's error in a Rule 52(a) harmless error analysis." *Id.* at ¶ 15. In analyzing harmless error, this Court's "objective . . . is to determine whether the error was so prejudicial that substantial injury resulted and a different decision probably would have resulted absent the error." *Id.* at ¶ 17 (quoting *State v. Sivesind*, 439 N.W.2d 530, 534 (N.D. 1989)). When a defendant has "independent knowledge of his right to appeal," he is "not prejudiced by the trial court's omission." *Peguero*, at 29–30, 119 S.Ct. 961.

[¶ 16] In determining whether Pfeffer was prejudiced by the district court's failure to advise her of her right to appeal, the district court paralleled its logic of the second prong of the *Strickland* test. It found that Pfeffer "failed to demonstrate any grounds for an appeal she would have filed had she been properly informed of her right to appeal." *Wilson*, 2013 ND 124, ¶ 17, 833 N.W.2d 492. The district court did not determine whether Pfeffer had independent knowledge of her right to appeal; instead, it relied solely on the fact that Pfeffer did not assert any nonfrivolous grounds for an appeal.

[¶ 17] As stated above, to show prejudice, the defendant must show that "substantial injury resulted and a different decision probably would have resulted absent the error." The question is, what is a "different decision?" The district court believes the different decision means a reasonable probability of a successful appeal; whereas if the United States Supreme Court's analysis in *Flores–Ortega* is taken into consideration, a different decision means the defendant would have appealed.

[¶ 18] The concurrence in *Peguero* touched on this question. Justice O'Connor wrote on two possible ways a defendant fails to show prejudice when a district court does not advise a defendant of his right to appeal. *Peguero*, 526 U.S. at 30, 119 S.Ct. 961, (O'Connor, J., concurrence). The first, as was the case for the majority opinion, is where a defendant has independent knowledge of his right to appeal. *Id.* The second is where the defendant has no meritorious grounds for an appeal. *Id.* In disfavoring this second situation, O'Connor wrote:

> In my opinion, there is no reason why a defendant should have to demonstrate that he had meritorious grounds for an appeal when he is attempting to show that he was harmed by the district court's error. To require defendants to specify the grounds for their appeal and show that they have some merit would impose a heavy burden on defendants who are often proceeding *pro se* in an initial . . . motion. If the district judge had fulfilled his obligation to advise the defendant of his right to appeal, and the defendant had wanted to appeal, he

would have had a lawyer to identify and develop his arguments on appeal. The defendant should not be penalized for failing to appeal in the first instance when his failure to appeal is attributable to the errors of a district court judge. *Id.* In *Flores–Ortega,* the Court cited to O'Connor's concurrence in determining what showing of prejudice was required under the second prong of *Strickland.* 528 U.S. at 486, 120 S.Ct. 1029.

[¶ 19] To provide consistency for the analysis of prejudice under Rule 52(a), we will incorporate the analysis of the prejudice prong of the *Strickland* test set forth in *Flores–Ortega.* Such standard will require a defendant to show that but-for the district court's failure to inform him of his right to appeal, he would have appealed and that the defendant did not have independent knowledge of his right to appeal.

[¶ 20] Here, the district court did not make a finding on whether Pfeffer would have timely appealed if she had known of her right to do so. Nor did the district court rule on whether Pfeffer had independent knowledge of her right to appeal. Thus, the district court erred in its analysis of whether Pfeffer was prejudiced by the district court's failure to inform her of her right to appeal.

### III.

[¶ 21] We reverse and remand to the district court for appropriate analysis under *Flores-Ortega.*

[¶ 22] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom