# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 111

Andrew Glasser,                                   Petitioner and Appellant

v.

State of North Dakota,                            Respondent and Appellee

## No. 20230013

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Robert N. Togni (argued), Assistant State's Attorney, and Julie A. Lawyer (on brief), State's Attorney, Bismarck, ND, for respondent and appellee.

# Glasser v. State
## No. 20230013

**McEvers, Justice.**

[¶1]   Andrew Glasser appeals from a district court's order and judgment granting in part and denying in part his petition for post-conviction relief. On appeal, Glasser argues he received ineffective assistance of counsel because his attorney failed to appeal his convictions and gave him incorrect advice regarding his guilty pleas and sentencing. He also argues he received an illegal sentence. We affirm, concluding Glasser did not receive an illegal sentence or ineffective assistance of counsel.

I

[¶2]   Andrew Glasser was charged with child abuse and tampering with physical evidence in 2017. He was also charged with one count of gross sexual imposition (GSI) and ten counts of possession of child sexual abuse materials. He entered guilty pleas in July 2019. Prior to sentencing for these cases, Glasser filed several character reference letters for the district court to consider at sentencing. Unknown at the time of sentencing, three of these letters were forged.

[¶3]   In 2020, Glasser was charged with three counts of class A misdemeanor forgery based on these letters. The State filed a motion for correction of sentence in Glasser's original cases based on the falsehoods in the forged reference letters. The motion was granted. A change of plea hearing was held in July 2020 wherein Glasser pled guilty to three counts of forgery and was sentenced to 360 days on each count to run consecutively with each other and consecutive to the sentence he received in the GSI case. He was also resentenced in the previous cases. Two of the modified sentences were appealed and reversed because the district court did not have jurisdiction to amend the criminal judgments to modify Glasser's sentences. *State v. Glasser*, 2021 ND 60, ¶ 1, 956 N.W.2d 373. No appeal was taken from his forgery convictions or the resentencing on the child abuse and tampering convictions.

[¶4]   In November 2021, Glasser filed an application for post-conviction relief. Glasser asserted he was entitled to post-conviction relief because the sentences he received on the forgery counts were illegal. He also argued he received ineffective assistance of counsel because his attorney only appealed two of his cases when he allegedly wanted all of his cases appealed. Additionally, he argues his attorney did not explain his rights and gave him incorrect advice regarding his sentence and guilty plea. A post-conviction relief hearing was held in August 2022. In December 2022, the district court entered an order granting Glasser's application in regard to sentences on the child abuse and tampering case, and reinstated his original sentences. The order also denied Glasser's application for post-conviction relief regarding the forgery counts, concluding Glasser's sentences were not illegal and that his counsel was not ineffective. Glasser appeals.

## II

[¶5]   On appeal, Glasser argues he received ineffective assistance of counsel because his attorney failed to appeal the consecutive sentences on his forgery convictions, which Glasser claims were illegal.

## A

[¶6]   The issue of ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable by this Court on appeal. *Abdi v. State*, 2021 ND 110, ¶ 8, 961 N.W.2d 303. The petitioner has the burden of establishing the grounds for post-conviction relief. *Id*. An applicant seeking to show a claim of ineffective assistance of counsel must generally surmount the *Strickland* test by showing: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[¶7]   When the basis of an appellant's ineffective assistance claim is counsel's failure to appeal, a more specific version of the *Strickland* test applies. *Pfeffer v. State*, 2016 ND 248, ¶ 7, 888 N.W.2d 743 (citing to *Roe v. Flores-Ortega*, 528

U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)). In *Flores-Ortega*, the United States Supreme Court rejected a California rule "that a habeas petitioner need only show that his counsel's failure to file a notice of appeal was without the petitioner's consent" in order to have a valid ineffective assistance of counsel claim. 528 U.S. at 475-76. The Court held any such per se rule was "inconsistent with *Strickland*'s holding that 'the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.'" *Id*. at 478. Instead of a per se rule, the Court used a circumstance specific analysis. *Id*.

[¶8]   The first step of the circumstance specific analysis is to find whether counsel consulted with his or her client regarding an appeal:

> The question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal.... If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.... If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Pfeffer*, 2016 ND 248, ¶ 8. The Court defined "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478.

[¶9]   The Supreme Court then used a modified version of the *Strickland* test to determine when such failure to consult with a client regarding an appeal constitutes deficient performance:

> Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this

> particular defendant reasonably demonstrated to counsel that he
> was interested in appealing.

*Pfeffer,* 2016 ND 248, ¶ 9. To satisfy the second prong of *Strickland*, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at ¶ 11.

[¶10] In its order, the district court analyzed Glasser's claims under the traditional *Strickland* test. None of the parties argued the test set forth in *Pfeffer* in the district court or on appeal. The district court erred by not applying the correct test for ineffective assistance of counsel for failing to appeal a criminal conviction. *See Pfeffer,* 2016 ND 248, ¶¶ 13-14 (discussing application of the modified test under *Flores-Ortega*). The district court should be mindful of the more specific *Strickland* test that applies to ineffective assistance of counsel claims based on counsel's failure to appeal. However, based on the arguments made on appeal, the misapplication did not prejudice Glasser and is therefore harmless. *See Pfeffer*, 2016 ND 248, ¶ 15 (in analyzing harmless error the objective is to determine whether the error was so prejudicial that substantial injury resulted and a probable different decision would have resulted absent the error).

B

[¶11] Here, Glasser concedes his claim of ineffective assistance of counsel turns on our analysis of whether he received illegal sentences. If we conclude Glasser's sentences were not illegal, it will be unnecessary to further analyze his ineffective assistance of counsel claim because the prejudice he purports from his ineffective assistance claim is the alleged illegal sentence.

[¶12] Glasser specifically argues he received illegal sentences in violation of N.D.C.C. § 12.1-32-11(3). He argues his attorney was ineffective in advising him and failed to appeal these sentences because he was illegally sentenced to consecutive terms of imprisonment based on the merger statute in section 12.1-32-11(3), N.D.C.C., which states:

When sentenced only for misdemeanors, a defendant may not be consecutively sentenced to more than one year, except that a defendant being sentenced for two or more class A misdemeanors may be subject to an aggregate maximum not exceeding that authorized by section 12.1-32-01 for a class C felony if each class A misdemeanor was committed as part of a different course of conduct or each involved a substantially different criminal objective.

[¶13] Issues surrounding the merger statute are a mixed question of law and fact. It involves construing a criminal statute, which is a question of law fully reviewable by this Court. *State v. Rivera*, 2018 ND 15, ¶ 4, 905 N.W.2d 739. Whether a defendant's offenses occurred as part of a single course of conduct is a mixed question of law and fact. *State v. Jones*, 848 N.W.2d 528, 533 (Minn. 2014). A finding of fact is clearly erroneous when it is induced by an erroneous view of the law, when there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence, we are left with a definite and firm conviction that a mistake has been made. *State v. Grant*, 2023 ND 62, ¶ 6, 988 N.W.2d 563.

[¶14] As relevant here, section 12.1-32-11(3), N.D.C.C., has several requirements: first, the statute applies when a defendant is only being sentenced for misdemeanors; second, a defendant may not be consecutively sentenced to more than one year, unless the defendant is being sentenced for two or more class A misdemeanors; third, each class A misdemeanor must have been committed as part of a different course of conduct *or* involved a substantially different criminal objective. (emphasis added).

[¶15] Here, Glasser was sentenced on three class A misdemeanors. Therefore, if we decide the convictions were each part of a different course of conduct, we need not reach the question of whether they involved a substantially different criminal objective. *Rivera*, 2018 ND 15, ¶ 12. Whether offenses are part of the same course of conduct turns in significant part on whether they occur at the same time and place. *Id*. at ¶ 8. We have also said if each crime requires evidence or proof of a fact different from or additional to the proof required to

6

convict of the other, the crimes were likely of a different course of conduct. *State v. Ulmer*, 1999 ND 245, ¶ 11, 603 N.W.2d 865.

[¶16] Other states have also analyzed the definition of "course of conduct." The Supreme Court of Nebraska held that the same act or transaction may constitute two distinct offenses and justify conviction on both and separate sentences to run consecutively if each offense requires the proof of some fact or element not required to establish the other. *State v. Andersen*, 238 Neb. 32, 468 N.W.2d 617, 622 (1991). This is consistent with our general rule. The district court may impose consecutive sentences for multiple offenses when each requires proof of a different element or fact. *Ulmer*, 1999 ND 245, ¶ 10.

[¶17] The district court found the letters were prepared and dated on three separate dates and listed a different individual victim's name forged on each letter. The court found no evidence was presented by Glasser that the letters were forged on the same date. These findings are supported by the record and are not clearly erroneous. On the basis of this finding, the court did not err when it concluded the preparation of each letter constituted a separate individual criminal act and was not part of the same course of conduct.

[¶18] Each count of forgery Glasser committed required proof of a different element or fact—specifically, the name of the victim whose name was forged. Glasser forged three letters purporting to be from three different individuals using different dates. Glasser argues the factual basis given at sentencing, which included a statement that Glasser submitted the letters with the intent to deceive the government, precludes a conclusion that each forgery was not part of the same course of conduct. Glasser's argument ignores the facts given as part of the factual basis that one of the victims brought the matter to the attention of the authorities. While Glasser's method of forging letters and motive was to obtain more lenient sentences, we have rejected the argument that similarity of method and motive between offenses are sufficient to make them one course of conduct. *Rivera*, 2018 ND 15, ¶ 9. The record indicates one of the victims filed a victim impact statement, which the district court took into consideration when it instructed Glasser not to have any contact with any of the victims, making no contact with the victim a separate condition for each

count in the criminal judgment. Similar to *Rivera,* this case involves crimes committed against different victims on different dates. *Rivera,* 2018 ND 15, ¶ 9. We conclude the district court did not err when it concluded each of Glasser's consecutively-sentenced offenses were committed as part of a different course of conduct. Consequently, we conclude the judgment does not run afoul of N.D.C.C. § 12.1-32-11(3). Because we conclude the three convictions sentenced consecutively were part of different courses of conduct, we need not reach the question of whether they involve a substantially different criminal objective. *See Rivera*, 2018 ND 15, ¶ 12. Because the underlying sentences were not illegal, Glasser's claims of ineffective assistance of counsel for failing to appeal the consecutive sentences imposed also fail.

### III

[¶19] We have considered the remaining issues and arguments raised by Glasser and conclude them to be either without merit or unnecessary to our decision. We affirm the order on post-conviction relief and the judgment.

[¶20]  Jon J. Jensen, C.J.
         Daniel J. Crothers
         Lisa Fair McEvers
         Jerod E. Tufte
         Douglas A. Bahr

8