2008 ND 136

**Kenneth GERHARDT, Director, Morton County Social Service Board as Assignee for S.B., S.B., and Julie Sisk as Guardian Ad Litem for Z.B., a Minor Child, Plaintiffs and Appellees**

v.

**C.K., Defendant and Appellant.**

**No. 20070282.**

Supreme Court of North Dakota.

June 30, 2008.

 

Marnie R. Soggie, Child Support Enforcement, Bismarck, N.D., for plaintiffs and appellees.

Theresa L. Cole, American Legal Services, P.C., Bismarck, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1] C.K. appeals a district court memorandum opinion and order denying his motion for a DNA test to dispute a 1994 adjudication of paternity. C.K. argues on appeal that N.D.C.C. § 14–20–31, which was enacted in 2005, allows him to request additional genetic testing if he agrees to pay in advance for the testing.

[¶ 2] We hold that the law in effect in 1993, the year the original paternity adjudication proceeding was commenced, applies to this matter. Section 14–17–14(1), N.D.C.C. (1993), provides that a judgment adjudicating parentage is "determinative for all purposes." Under N.D.C.C. § 14–17–10(1) (1993), the district court was not required to compel genetic testing in response to a post-judgment motion. We, therefore, affirm the district court memorandum opinion and order.

I

[¶ 3] After a child was born to S.B. on November 25, 1992, S.B. claimed C.K. was the child's father. S.B. claimed she and C.K. had sexual intercourse twice in March 1992. C.K. denied having sexual intercourse with S.B. C.K. contended that his first cousin, M.K., was the child's father. S.B. admits to having sexual intercourse with M.K. in early April 1992. Results of a 1993 blood test showed a 99.78 percent probability that C.K. is the child's father. The court granted C.K. permission to add M.K. to the initial paternity action as a third party, but C.K. never served M.K. with a complaint. A blood sample was not

obtained from M.K. during the initial paternity action. C.K. was adjudicated the father of the child in 1994.

[¶ 4] In March 2007, C.K. filed a motion requesting DNA testing to show he is not the child's father. The district court entered a memorandum opinion and order denying C.K.'s motion. The district court held that the 1994 determination of parentage is binding on the parties to the adjudication proceeding and thereby precludes C.K. from obtaining additional genetic testing. C.K. appeals, arguing N.D.C.C. § 14–20–31, which was enacted in 2005, allows him to request additional genetic testing if he agrees to pay in advance for the testing.

## II

■ [¶ 5] The parties request this Court to interpret the Uniform Parentage Act, embodied in chapter 14–20, N.D.C.C., and enacted by the legislature in 2005. *See* 2005 N.D. Sess. Laws ch. 135, § 9. The interpretation of a statute is a question of law, fully reviewable on appeal. *Seehafer v. Seehafer*, 2005 ND 175, ¶ 12, 704 N.W.2d 841.

[¶ 6] C.K. argues the district court erred because N.D.C.C. § 14–20–31 required the district court to order genetic testing. The Morton County Social Service Board argues the district court properly denied C.K.'s motion requesting DNA testing.

[¶ 7] The parties agree that the 2005 version of the Uniform Parentage Act applies to this matter. We note, however, that 2005 N.D. Sess. Laws ch. 135, § 12, explicitly provides that a "proceeding to adjudicate parentage which was commenced before the effective date of this chapter is governed by the law in effect at the time the proceeding was commenced." Section 1–02–10, N.D.C.C., states, "No part of this code is retroactive unless it is expressly declared to be so." We have

declined to retroactively apply a statute when nothing in the statute suggests the statute is intended to apply retroactively. *See White v. Altru Health System*, 2008 ND 48, ¶ 21, 746 N.W.2d 173.

■ [¶ 8] Not only did the 2005 legislation not say it applied retroactively, it specifically provided that it did not. The parentage adjudication proceeding regarding S.B.'s child was commenced with the filing of a complaint in March of 1993. Thus, the 1993 version of the Uniform Parentage Act, which was the law in effect at the time the action to adjudicate parentage was commenced, is the applicable law for this matter.

[¶ 9] Under N.D.C.C. § 14–17–14(1) (1993), a judgment "determining the existence or nonexistence of the parent and child relationship is determinative for all purposes." Section 14–17–10(1), N.D.C.C. (1993), provides that the "court may, and upon request of a party shall, require the child, mother, or alleged father to submit to genetic tests, including tests of blood or other tissues." The statute also provides that "upon reasonable request by a party," a court shall "order that independent tests be performed by other experts." N.D.C.C. § 14–17–10(2).

[¶ 10] In *Interest of M.Z.*, 472 N.W.2d 222, 223 (N.D.1991), this Court concluded that N.D.C.C. § 14–17–10(1) "requires the court to order genetic tests only when the request for tests is made while proceedings are pending to adjudicate parentage under the chapter." This Court stated, "We do not believe the statute requires the court to compel genetic tests in response to a post-judgment motion, after parentage has been adjudicated." *Id.* Otherwise, "[t]here would be no finality to parental adjudications." *Id.* Our holding in *M.Z.* was supported by the legislature's intention "to provide finality to determinations about the existence of a parent-child relationship." *Id.*

[¶ 11]   Here, the district court was precluded by our holding in *M.Z.* from granting C.K.'s post-judgment motion to compel genetic testing. *See* 472 N.W.2d 222. Although a different set of facts was at issue in *M.Z.*, we conclude that our holding in *M.Z.*, that N.D.C.C. § 14–17–10(1) (1993) does not require the court to compel genetic tests in response to a post-judgment motion, is controlling under the circumstances of C.K.'s motion for DNA testing.

### III

[¶ 12]   We hold that the law in effect in 1993, the year the original paternity adjudication proceeding was commenced, applies to this matter. Section 14–17–14(1), N.D.C.C. (1993), provides that a judgment adjudicating parentage is "determinative for all purposes." Under N.D.C.C. § 14–17–10(1) (1993), the district court was not required to compel genetic testing in response to a post-judgment motion. We, therefore, affirm the district court memorandum opinion and order.

[¶ 13] WILLIAM F. HODNY, S.J., DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.

I concur in the result, GERALD W. VANDE WALLE, C.J.

[¶ 14] The Honorable WILLIAM F. HODNY, S.J., sitting in place of KAPSNER, J., disqualified.