# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 46

State of North Dakota,                                        Plaintiff and Appellee

v.

Neil McGinnis,                                               Defendant and Appellant

## Nos. 20210216 & 20210217

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen and Justice Crothers joined. Justice McEvers filed a concurring and dissenting opinion in which Justice VandeWalle joined.

Tessa M. Vaagen, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, N.D., for defendant and appellant.

1

**Tufte, Justice.**

[¶1]   Neil McGinnis appeals from a district court's second amended criminal judgments entered after the court revoked his probation and resentenced him to five years' imprisonment in case 08-2017-CR-00721 and five years' imprisonment in case 08-2016-CR-01827, both to run concurrently. He argues his sentence was illegal because the court resentenced him to a length of time that exceeded his original sentence. We affirm the judgment entered in 08-2016-CR-01827 and reverse and remand the judgment entered in 08-2017-CR-00721.

I

[¶2]   In 2017, McGinnis pled guilty to burglary and theft of property in the case ending in 00721. He was sentenced to 3 years' imprisonment on both counts with all but 33 days suspended and was placed on probation for a period of two years. He then pled guilty to a second theft of property offense two months later in the case ending in 01827. He was sentenced to five years' imprisonment with all but 53 days suspended and was placed on probation for a period of three years.

[¶3]   In 2018, the State filed petitions for revocation in both cases after McGinnis committed new offenses and failed to inform his probation officer of his current address. A separate revocation hearing was held for each case. In the 01827 case, an amended judgment was entered, sentencing him to five years' imprisonment with all but 120 days suspended and three years of probation. In the 00721 case, an amended criminal judgment was also entered, sentencing him to five years' imprisonment with all but 100 days suspended and three years of probation.

[¶4]   In 2021, the State again filed petitions for revocation in both cases after McGinnis committed new offenses and tested positive for drugs. A joint revocation hearing was held on July 12, 2021. His probation was revoked in both cases. A second amended criminal judgment was entered in the 01827

case, sentencing him to five years in prison. The court also entered a second amended criminal judgment in the 00721 case, sentencing him to five years in prison, concurrent with his sentence in the 01827 case.

[¶5]   McGinnis, acting on his own behalf, filed documents in both cases after the second amended criminal judgments were entered, which the court treated as N.D.R.Crim.P. 35 motions. He alleged that his sentence was illegal and must be corrected because the court accepted perjured testimony from his probation officer, that his counsel was ineffective, and that the prosecution withheld exculpatory material in its possession. A few days after filing the Rule 35 motions, he also appealed the amended criminal judgments entered in both cases. The court initially deferred consideration of the Rule 35 motions to this Court, but after we issued an order of remand for the sole purpose of considering the Rule 35 motions, the court denied the motions.

II

[¶6]   In reviewing appeals from a court's decision to revoke probation, this Court applies a two-step analysis. We first review the court's "factual findings under the clearly erroneous standard and then review the court's decision to revoke probation under the abuse-of-discretion standard." *State v. Dockter*, 2019 ND 203, ¶ 11, 932 N.W.2d 98. A court abuses its discretion "if it acts in an arbitrary, unreasonable, unconscionable, or capricious manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." *Id*.

[¶7]   We begin by acknowledging that our review of the court's decision to revoke McGinnis's probation is limited. McGinnis, acting on his own behalf, failed to properly request transcripts from the probation revocation hearing. If an evidentiary hearing was held, the appellant must file a trial transcript with the Court on appeal. N.D.R.App.P. 10(b). If the appellant fails to comply and does not file a transcript, "he assumes the risks and consequences of such failure." *State v. Hilgers*, 2004 ND 160, ¶ 19, 685 N.W.2d 109 (noting that a "pro se litigant is not granted leniency solely because of his status as such"). We "decline to review an issue if the record on appeal does not allow a meaningful and intelligent review of the trial court's alleged error." *Id*. Without

2

a transcript of the revocation hearing, this Court is unable to provide a meaningful review into whether the court's factual findings to revoke probation were clearly erroneous or whether the court abused its discretion in revoking McGinnis's probation.

[¶8]   The record is sufficient to review McGinnis's argument that the district court illegally re-sentenced him. McGinnis argues the court's new sentence of five years' imprisonment is illegal because it exceeds the balance of the three-year suspended term to which he was originally sentenced. McGinnis concedes that his illegal resentencing argument applies only to his 00721 case. Because McGinnis's amended sentences in his 01827 case have not exceeded the original suspended sentence, we affirm the court's second amended judgment in the 01827 case.

[¶9]   The State first argues that McGinnis's appeal in the 00721 case is untimely. In April 2017, the district court sentenced McGinnis to three years in prison with all but 33 days suspended for two years of probation. In 2018, his probation was revoked and he was resentenced to a five-year suspended sentence—a duration exceeding his original sentence. The State argues that because McGinnis did not appeal the 2018 Amended Judgment, he is barred from now doing so by Rule 4, N.D.R.App.P. Although that is true as a general matter, because McGinnis appeals only a claim of an illegal sentence, we disagree. Rule 35(a)(1), N.D.R.Crim.P., states, "The sentencing court shall correct an illegal sentence at any time." "A sentence is illegal if it is not authorized by the judgment of conviction." *State v. Edwards*, 2007 ND 113, ¶ 5, 736 N.W.2d 449 (discussing an illegal sentence in the context of N.D.R.Crim.P. 35(a)). The judgment of conviction in the 00721 case is the original judgment entered in April 2017. Whether the 2021 second amended judgment is illegal must be measured against the original judgment, without regard to whether McGinnis appealed any claims of illegality of the 2018 judgment. Because N.D.R.Crim.P. 35(a)(1) rejects any time limit for correction of an illegal sentence, McGinnis is not barred from arguing his 2021 sentence is illegal even though he may have raised a similar argument against the 2018 amended sentence.

3

## III

[¶10] The State also argues that McGinnis failed to preserve appellate review of this issue because he failed to raise it to the district court. Without the transcripts from the 2018 and 2021 revocation hearings, we cannot determine whether McGinnis made this argument to the district court. However, this issue is preserved for appeal whether or not McGinnis raised this illegal sentence issue to the lower court, because we have held that "an objection is unnecessary to preserve a claim of illegal sentence imposed in a criminal judgment." *State v. Thomas*, 2020 ND 30, ¶ 16, 938 N.W.2d 897. This Court will review a claim of an illegal sentence even when the defendant "did not raise this argument below by objecting at sentencing or through a motion under N.D.R.Crim.P. 35(a)." *Id.* Therefore, our review is not limited to the obvious error standard.

## IV

[¶11] We now address McGinnis's claim that the court imposed an illegal sentence when it re-sentenced him to a time that exceeded his original sentence imposed in the 2017 judgment of conviction. Section 12.1-32-07(6), N.D.C.C., governs a court's ability to modify a defendant's sentence upon revocation of probation. Section 12.1-32-07(6) was recently amended, effective August 1, 2021, to remove the last sentence. Because the judgment of conviction and the subsequent revocation and resentencing occurred before the amendment to section 12.1-32-07(6) became effective, we apply the pre-amendment version of section 12.1-32-07(6) to this appeal. It provided:

> The court, upon notice to the probationer and with good cause, may modify or enlarge the conditions of probation at any time prior to the expiration or termination of the period for which the probation remains conditional. If the defendant violates a condition of probation at any time before the expiration or termination of the period, the court may continue the defendant on the existing probation, with or without modifying or enlarging the conditions, or may revoke the probation and impose any other sentence that was available under section 12.1-32-02 or 12.1-32-09 at the time of initial sentencing or deferment. In the case of suspended execution of sentence, the court may revoke the probation and cause the

4

defendant to suffer the penalty of the sentence previously imposed upon the defendant.

[¶12] This Court recently altered its interpretation of N.D.C.C. § 12.1-32-07(6). In *State v. Dubois*, 2019 ND 284, ¶¶ 9–10, 936 N.W.2d 380, we applied our "longstanding interpretation" of N.D.C.C. § 12.1-32-07(6) to the defendant's appeal, which "allow[ed] a district court to impose any sentence available at the initial time of sentencing upon revocation of probation." Dubois had not preserved his claim of error, and we concluded there was no obvious error in the district's court's sentencing consistent with our precedent. *Id.* at ¶ 11. Two years later, Dubois presented the issue in an application for postconviction relief, and the Court corrected its interpretation of N.D.C.C. § 12.1-32-07(6), reasoning that our prior interpretation of the statute "render[ed] the last sentence meaningless." *Dubois v. State*, 2021 ND 153, ¶ 23, 963 N.W.2d 543. In re-interpreting the statute to give meaning to "the limiting directive" featured in the last sentence, we overruled our previous cases that mistakenly "allowed district courts to resentence defendants on probation revocation to any sentence initially available, and did not limit the new sentence to no more than that which was suspended." *Id.* We clarified that in cases of suspended sentences, the statute "unambiguously restrains a district court's authority in probation revocation cases to imposition of the sentence initially imposed but suspended." *Id.*

[¶13] Because McGinnis was resentenced before our decision in *Dubois v. State* was issued on August 19, 2021, the parties dispute which interpretation of N.D.C.C. § 12.1-32-07(6) should apply here. The State argues this Court should not apply what that decision declared to be the correct interpretation of N.D.C.C. § 12.1-32-07(6) but instead apply our prior interpretation, which had interpreted the statute to allow courts to resentence a defendant to any sentence available at the initial time of sentencing upon revocation of probation. McGinnis, on the other hand, urges us to analyze this appeal according to the interpretation of section 12.1-32-07(6) set forth in *Dubois v. State* that specifically limits a court's ability to re-sentence a defendant in the case of a suspended execution of a sentence to only the sentence previously imposed, but suspended.

[¶14] When we re-interpreted N.D.C.C. § 12.1-32-07(6) in *Dubois v. State* to correct our prior misinterpretation of the statute, we were declaring what the statute has meant from the day of its enactment. "A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 312–13 (1994). In other words, "the interpretation gives the meaning of the statute from its inception, and does not merely give an interpretation to be used from the date of the decision." *United States v. City of Tacoma*, 332 F.3d 574, 580 (9th Cir. 2003). A judicial interpretation of a statute is the court "explaining its understanding of what the statute has meant continuously since the date when it became law." *Rivers*, 511 U.S. at 313 n.12. Further, when a court interprets a statute, "and even when that interpretation conflicts with the court's own prior interpretation, the new interpretation is treated as the statute's one-and-only meaning." *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1225–26 (9th Cir. 2013). Thus, our statutory interpretation decision in *Dubois v. State* did not change the law as of the date of the decision, but declared what section 12.1-32-07(6) meant at all times before it was amended effective August 1, 2021. We conclude that McGinnis's sentence was illegal because the court re-sentenced him to a duration exceeding the suspended sentence imposed in the judgment of conviction.

V

[¶15] We affirm the second amended criminal judgment entered in 08-2016-CR-01827. We reverse and remand the second amended criminal judgment entered in 08-2017-CR-00721 with instructions to sentence McGinnis consistent with N.D.C.C. § 12.1-32-07(6) and this opinion.

[¶16] Jon J. Jensen, C.J.
    Daniel J. Crothers
    Jerod E. Tufte

**McEvers, Justice, concurring and dissenting**.

[¶17] I concur in the majority opinion Sections I-III. I respectfully dissent to Section IV for the reasons set forth in Justice VandeWalle's dissenting opinion in *DuBois v. State*, 2021 ND 153, ¶¶ 33-35, 963 N.W.2d 543.

[¶18] Gerald W. VandeWalle
      Lisa Fair McEvers