FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
AUGUST 2, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 144

State of North Dakota,                                  Plaintiff and Appellee

v.

Nicholas Jay Larsen,                                  Defendant and Appellant

### Nos. 20220374-20220376

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Jay D. Knudson, Judge.

AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART.

Opinion of the Court by Bahr, Justice.

Carmell F. Mattison, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Daniel J. Howell, Devils Lake, ND, for defendant and appellant.

**Bahr, Justice.**

[¶1]   Nicholas Jay Larsen appeals from orders for revocation of probation entered in three criminal cases. Larsen argues the district court imposed illegal sentences. We affirm the orders for revocation in criminal case nos. 18-2019-CR-02518 and 18-2020-CR-00676. We reverse and remand for resentencing in criminal case no. 18-2019-CR-02733.

I

[¶2]   On November 16, 2020, the district court entered judgment in criminal case no. 18-2019-CR-02518 on four C felony-controlled substance violations, sentencing Larsen to 36 months' imprisonment, all suspended except 224 days, on each count and placing him on two years of supervised probation. On November 16, 2020, the court entered judgment in criminal case no. 18-2019-CR-02733 on two C felony-controlled substance violations, sentencing Larsen to 360 days' imprisonment, all suspended except 224 days, on each count and placing him on two years of supervised probation. On November 16, 2020, the court entered judgment in criminal case no. 18-2020-CR-00676 on two C felony-controlled substance violations, sentencing Larsen to 36 months' imprisonment, with all suspended except 184 days, on each count and placing him on two years of supervised probation.

[¶3]   The State filed petitions for revocation in each case in July 2021. The petitions were resolved by the district court issuing "orders for consequences." The orders required Larsen to serve thirty days at a county correctional center as an intermediate measure and, upon completion of the sentences, comply with and successfully complete the drug court program.

[¶4]   The State filed the underlying petitions for revocation on April 20, 2022 in all three cases. The petitions alleged violations occurred beginning in November 2021 through April 2022. On November 23, 2022, the district court held a revocation hearing and Larsen admitted to all six allegations in the petitions. Upon revocation, the court resentenced Larsen to 36 months'

imprisonment with credit for the respective time served. The sentences are concurrent on the three cases on appeal, but consecutive to a newly filed case, case no. 09-2022-CR-02257, a Cass County controlled substance possession with intent conspiracy conviction. Larsen appeals.

## II

[¶5] Larsen argues the district court imposed illegal sentences. This Court has explained:

> A trial court has broad discretion in fixing a criminal sentence. Within this discretion also lies a trial court's authority to decide whether a sentence should run concurrently or consecutively. We have repeatedly held we have no power to review the discretion of the sentencing court in fixing a term of imprisonment within the range authorized by statute. Rather, our review of a criminal sentence is generally confined to whether the trial court acted within the statutorily prescribed sentencing limits or substantially relied on an impermissible factor. Thus, we will vacate a trial court's sentencing decision only if the trial court acted outside the limits prescribed by statute or substantially relied on an impermissible factor in determining the severity of the sentence.

*State v. Gonzalez*, 2011 ND 143, ¶ 6, 799 N.W.2d 402 (cleaned up).

[¶6] Section 12.1-32-07(6), N.D.C.C., governs a district court's ability to modify a defendant's sentence upon revocation of probation. *See State v. McGinnis*, 2022 ND 46, ¶ 11, 971 N.W.2d 380. Section 12.1-32-07(6), N.D.C.C., provides:

> The court, upon notice to the probationer and with good cause, may modify or enlarge the conditions of probation at any time before the expiration or termination of the period for which the probation remains conditional. If the defendant violates a condition of probation at any time before the expiration or termination of the period, the court may continue the defendant on the existing probation, with or without modifying or enlarging the conditions, or may revoke the probation and impose any other sentence that

was available under section 12.1-32-02 or 12.1-32-09 at the time of initial sentencing or deferment.

This section was amended, effective August 1, 2021, to remove the last sentence, which stated: "In the case of suspended execution of sentence, the court may revoke the probation and cause the defendant to suffer the penalty of the sentence previously imposed upon the defendant." 2021 N.D. Sess. Laws ch. 111, § 1; N.D.C.C. § 12.1-32-07(6) (2019). Under the previous version, the statute "unambiguously restrain[ed] a district court's authority in probation revocation cases to imposition of the sentence initially imposed but suspended." *McGinnis*, 2022 ND 46, ¶ 12 (quoting *Dubois v. State*, 2021 ND 153, ¶ 23, 963 N.W.2d 543). In *McGinnis*, we clarified, "our statutory interpretation decision in *Dubois v. State* did not change the law as of the date of the decision, but declared what section 12.1-32-07(6) meant at all times before it was amended effective August 1, 2021." *McGinnis*, at ¶ 14. Therefore, prior to August 1, 2021, section 12.1-32-07(6) limited a court's ability to resentence a defendant in the case of a suspended execution of a sentence to only the sentence previously imposed, but suspended.

A

[¶7]   Larsen argues this is a case of first impression as to applying *Dubois* to a criminal conviction and sentencing prior to the August 1, 2021 amendment to N.D.C.C. § 12.1-32-07(6), and a revocation with resentencing after the amendment. He argues the prior version of N.D.C.C. § 12.1-32-07(6) should apply to his sentences because it was in effect at the time of his convictions and sentencings.[1] Thus, he argues the sentences cannot exceed the previously imposed but suspended sentences. Larsen's argument only applies to criminal case no. 18-2019-CR-02733, where Larsen was originally sentenced to 360 days' imprisonment, all suspended except 224 days, but then resentenced to 36 months' imprisonment upon revocation. In criminal case nos. 18-2019-CR-

---

[1]   November 16, 2020—original conviction and sentencing;
August 1, 2021—amendment effective;
November 2021–April 2022—probation violations occurred;
November 23, 2022—revocation and resentencing.

02518 and 18-2020-CR-00676, Larson was resentenced upon revocation to the previously imposed 36 months' imprisonment.

[¶8] In *McGinnis*, we applied the pre-amendment version of section 12.1-32-07(6) because "the judgment of conviction and the subsequent revocation and resentencing occurred before the amendment to section 12.1-32-07(6)[.]" 2022 ND 46, ¶ 11. Here, the judgment of conviction occurred prior to the amendment but the subsequent probation violations, revocations, and resentencing occurred after the amendment. This is a case of first impression, deciding which version of section 12.1-32-07(6) must be applied at the revocation and resentencing.

[¶9] To determine which version of the statute applies, we first look to whether the statute is retroactive. "Whether a statute applies retroactively is a question of law." *Senger v. Senger*, 2022 ND 229, ¶ 10, 983 N.W.2d 160. "Questions of law are fully reviewable on appeal." *Id.*

[¶10] For a court to retroactively apply a statute, the statute itself must generally contain language expressly declaring the statute to apply retroactively. N.D.C.C. § 1-02-10 (providing "[n]o part of this code is retroactive unless it is expressly declared to be so"); *see also Klein v. Klein*, 2016 ND 153, ¶ 12, 882 N.W.2d 296 (explaining statutes cannot be applied retroactively without specific legislative direction). "[T]he legislative direction to make a statute retroactive must be clear." *White v. Altru Health Sys.*, 2008 ND 48, ¶ 12, 746 N.W.2d 173.

[¶11] Nothing in the statute suggests the amendment was intended to apply retroactively. "We have declined to retroactively apply a statute when nothing in the statute suggests the statute is intended to apply retroactively." *Gerhardt v. C.K.*, 2008 ND 136, ¶ 7, 751 N.W.2d 702 (citing *White,* 2008 ND 48, ¶ 21). Accordingly, we conclude the August 2021 amendment does not apply retroactively.

[¶12] "A statute applies retroactively if it attaches new legal consequences or responsibilities to past matters." *Klein*, 2016 ND 153, ¶ 7. "Retroactive statutes do so by operating on transactions which have already occurred, on rights or

4

obligations which existed before its enactment, or on a cause of action that arose prior to the effective date of the statute." *Id.* (cleaned up). In contrast, a prospective statute attaches legal consequences or responsibilities to matters occurring after its effective date. *Id.*; *see also Lehman v. State*, 2014 ND 103, ¶ 11, 847 N.W.2d 119 (explaining a statute is applied prospectively when it is applied to a cause of action that arose subsequent to the effective date of the statute). "'Retroactive' has also been defined as '(Of a statute, ruling, etc.) extending in scope or effect to matters that have occurred in the past.'" *Lehman*, at ¶ 11 (quoting *Black's Law Dictionary* 1432 (9th ed. 2009)); *see also Black's Law Dictionary* 1575 (11th ed. 2019) (same).

[¶13] Larsen's criminal convictions and sentencing occurred prior to the August 2021 amendment. Applying the new version of the statute to Larsen's November 23, 2022 revocations and resentencing would extend the statute to conduct prior to the August 2021 amendment, i.e., it would be a retroactive application of the August 2021 amendment to resentence Larsen to a greater penalty than he could have been resentenced to before the statute's amendment.

[¶14] The State argues *State v. Monson*, 518 N.W.2d 171 (N.D. 1994), demonstrates the current version of the statute should apply. In *Monson*, this Court found no ex post facto violation where an amended probation statute was applied to an individual whose original conviction occurred prior to the amended probation statute being in effect, but who committed a probation violation after the amended probation statute was in effect. *Id.* at 172-73. Contrary to the State's contention, in *Monson* we did not hold a district court revoking probation must apply the version of the probation revocation statute in effect when the defendant committed the acts underlying the revocation. Instead, *Monson* addressed, under the Ex Post Facto Clause, whether application of a procedural statute regarding revocation of probation applied to Monson's conviction that occurred prior to the statute being in effect, or to his probation violation that occurred after the statute was in effect. This Court concluded the statute, "which expressly grants authority to the trial court to revoke probation after the probation has terminated, [was] not being applied to Monson's conviction, but to his alleged probation violation." *Id.* We

5

explained: "It is his acts subsequent to the amendment of the statute that are at issue." *Id.* at 173.

[¶15] This case is distinguishable from *Monson*. In *Monson* we found the law was not ex post facto because, "[t]o be ex post facto, a criminal law 'must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.'" 518 N.W.2d at 172 (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)). The statute enacted in *Monson* was procedural—allowing revocation petitions to be filed after the conclusion of probation for violations occurring during the probationary term. "Remedial and procedural statutes ordinarily have retroactive effect, even absent legislative authorization." 2 Sutherland Statutory Construction § 41:3 (8th ed.). The United States Supreme Court has clarified that remedial and procedural statutes can have retroactive effect not because they are an exception to the presumption against retroactivity, but because they do not impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed—meaning they are not retroactive in the first place. *Id.* (citing *Landgraf v. USI Film Prod.,* 511 U.S. 244, 275 (1994) ("Because rules of procedure regulate secondary rather than primary conduct, the fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule at trial retroactive.")). The same is not true about the amendment presented in this case.

[¶16] In the present case, the district court's resentencing of Larsen is "part of the penalty for [his] initial offense," which occurred prior to August 1, 2021, not punishment for his probation violations, which occurred after August 1, 2021. *Johnson v. United States*, 529 U.S. 694, 700 (2000) (holding postrevocation penalties are attributable to the original conviction). In *Johnson*, 529 U.S. at 700-01, the United States Supreme Court reasoned:

> Although such violations often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt. *See* 18 U.S.C. § 3583(e)(3) (1988 ed., Supp. V). Where the acts of violation are criminal in their own

6

right, they may be the basis for separate prosecution, which would raise an issue of double jeopardy if the revocation of supervised release were also punishment for the same offense. Treating postrevocation sanctions as part of the penalty for the initial offense, however (as most courts have done), avoids these difficulties. *See, e.g., United States v. Wyatt*, 102 F.3d 241, 244-245 (C.A.7 1996) (rejecting double jeopardy challenge on ground that sanctions for violating the conditions of supervised release are part of the original sentence); *United States v. Beals*, 87 F.3d 854, 859-860 (C.A.7 1996) (noting that punishment for noncriminal violations must be justified by reference to original crimes), overruled on other grounds, *United States v. Withers*, 128 F.3d 1167 (C.A.7 1997); *United States v. Meeks*, 25 F.3d 1117, 1123 (C.A.2 1994) (noting absence of constitutional procedural protections in revocation proceedings). Cf. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) ("Probation revocation . . . is not a stage of a criminal prosecution").

"[T]he relevant conduct is the initial offense." *Id.* at 702. "Post-revocation sanctions are 'part of the penalty for the initial offense'; they are not punishment for the offense which triggers the revocation." *United States v. Azure*, 539 F.3d 904, 912 (8th Cir. 2008) (quoting *Johnson*, 529 U.S. at 700); *see also United States v. Soto–Olivas*, 44 F.3d 788, 790 (9th Cir. 1995) ("Thus, the entire sentence, including the period of supervised release, is the punishment for the original crime, and it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of his release." (cleaned up)).

[¶17] Because the resentencing upon revocation is punishment for the original offenses, the version of N.D.C.C. § 12.1-32-07(6) in effect at the time of Larsen's original convictions and sentencing must be applied at the revocation and resentencing. In criminal case no. 18-2019-CR-02733, Larsen's original sentence was 360 days' imprisonment, all suspended except 224 days. Therefore, the sentence imposed upon revocation is limited by statute to a 360-day term of imprisonment.

[¶18] The district court imposed an illegal sentence in criminal case no. 18-2019-CR-02733. We reverse and remand the order revoking probation entered

in criminal case no. 18-2019-CR-02733 with instructions to resentence Larsen consistent with N.D.C.C. § 12.1-32-07(6) (2019) and this opinion.

B

[¶19] Larsen argues the sentences imposed by the district court upon revocation are illegal because they were consecutive to a newly filed case. He argues the length of resentence upon revocation must be combined with the length of any consecutive sentence in a separate case when determining whether a sentence exceeds the statutory maximum period of imprisonment. Larsen provides no authority for his argument.

[¶20] "A district court has the authority to determine whether a felony sentence runs concurrent with or consecutive to another felony sentence." *State v. Huffling*, 2009 ND 3, ¶ 3, 763 N.W.2d 799; *see* N.D.C.C. § 12.1-32-11(1); *but see* N.D.C.C. § 12.1-32-11(3) (limiting a district court's authority to impose consecutive sentences for multiple misdemeanor convictions). The consecutive sentence was authorized by statute. *See Huffling*, at ¶ 3 (holding consecutive sentences of five years on two counts upon revocation were within the range authorized by statute).

[¶21] The district court imposed a legal sentence in criminal case nos. 18-2019-CR-02518 and 18-2020-CR-00676.

III

[¶22] We affirm the orders for revocation in criminal case nos. 18-2019-CR-02518 and 18-2020-CR-00676. We reverse and remand for resentencing in criminal case no. 18-2019-CR-02733.

[¶23] Jon J. Jensen, C.J.
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte
  Douglas A. Bahr