# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 4

State of North Dakota,                                       Plaintiff and Appellee

v.

Garron Gonzalez,                                       Defendant and Appellant

## No. 20230133

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Julie A. Lawyer, State's Attorney, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Garron Gonzalez appeals from a criminal judgment imposing new sentences. Gonzalez argues the district court imposed illegal sentences by ordering the two sentences to run consecutively because they exceeded the concurrent sentences initially imposed but suspended. We reverse and remand for resentencing.

I

[¶2]   In September 2003, Gonzalez was charged with two counts of gross sexual imposition, both class A felonies. Gonzalez pled guilty to the two counts of gross sexual imposition and criminal judgment was entered. The district court sentenced Gonzalez on each count to five years' imprisonment, all but 130 days suspended, and placed him on five years of supervised probation. The judgment also stated the sentences run concurrently and applied credit for time in custody. On two separate occasions, Gonzalez's probation was revoked and he was resentenced to additional time, with credit for time served. In the second amended judgment, the sentences imposed were to run consecutively.

[¶3]   In 2012, Gonzalez filed a petition for post-conviction relief, which the district court granted. The court vacated the second amended judgment and scheduled a new hearing on the petition for revocation of probation. In June 2014, the hearing occurred and the court entered an order revoking probation and entered a third amended criminal judgment. For each count, the court sentenced Gonzalez to 20 years' imprisonment, with the sentences running consecutively, and applied credit in the amount of 6 years, 6 months, and 153 days. Gonzalez appealed to this Court, which affirmed the order revoking probation and third amended judgment. *See State v. Gonzalez*, 2015 ND 106, 862 N.W.2d 535 (issues relevant to the current appeal not addressed by this Court).

[¶4]   Gonzalez filed a petition for post-conviction relief in April 2022. In January 2023, the district court granted Gonzalez's petition for post-conviction

relief, finding the court's June 2014 sentences were greater than the time originally suspended and were illegal sentences. A re-sentencing hearing was held in April 2023. The court entered an order revoking probation and sentencing Gonzalez. For each count, the court sentenced Gonzalez to five years' imprisonment, served consecutively, and applied credit for time served stating: "Against the two five-year consecutive sentences which totals ten years, Defendant has credit for time served of six years, six months, and 153 days which leaves a sentence to be served of four years less 153 days. This time is consecutive to the present federal sentence being served by Defendant in New York Federal Prison." Gonzalez timely appeals.

II

[¶5]   Section 29-32.1-01(1)(a), N.D.C.C., provides that a person convicted of and sentenced for a crime may petition for post-conviction relief on the ground that the sentence was imposed in violation of the laws of North Dakota. Under N.D.R.Crim.P. 35(a)(1), "[t]he sentencing court shall correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided for reduction of sentence in Rule 35(b)(1)." We have stated the post-conviction remedies under N.D.R.Crim.P. 35(a) and N.D.C.C. § 29-32.1-01(1)(a) coexist for similar purposes as they apply to illegal sentences, and have suggested the motion should be treated as equivalent to a motion under both provisions. *State v. McClary,* 2016 ND 31, ¶ 7, 876 N.W.2d 29. We have also noted, regardless of the type of motion, the provisions of the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1, apply. *Id.*; *see also State v. Johnson,* 1997 ND 235, ¶¶ 10-14, 571 N.W.2d 372 (holding a second motion to correct an illegal sentence under N.D.R.Crim.P. 35(a) was barred by the misuse of process provision of the Uniform Postconviction Procedure Act). The State has not cross-appealed or otherwise argued the district court erred by not ruling on affirmative defenses it may have raised to Gonzalez's petition for post-conviction relief.

[¶6]   "Section 12.1-32-07(6), N.D.C.C., governs a district court's ability to modify a defendant's sentence upon revocation of probation." *State v. Larsen,*

2023 ND 144, ¶ 6, 994 N.W.2d 194. Our standard of review for reviewing criminal sentences is well established:

> A trial court has broad discretion in fixing a criminal sentence. Within this discretion also lies a trial court's authority to decide whether a sentence should run concurrently or consecutively. We have repeatedly held we have no power to review the discretion of the sentencing court in fixing a term of imprisonment within the range authorized by statute. Rather, our review of a criminal sentence is generally confined to whether the trial court acted within the statutorily prescribed sentencing limits or substantially relied on an impermissible factor. Thus, we will vacate a trial court's sentencing decision only if the trial court acted outside the limits prescribed by statute or substantially relied on an impermissible factor in determining the severity of the sentence.

*State v. Gonzalez*, 2011 ND 143, ¶ 6, 799 N.W.2d 402 (cleaned up).

### III

[¶7]   Gonzalez argues his sentences are illegal under N.D.C.C. § 12.1-32-07(6) because the amended judgment imposes more severe sentences than the original sentences and retroactively increases the punishment for Gonzalez's prior conduct.

[¶8]   Since Gonzales was originally sentenced, N.D.C.C. § 12.1-32-07(6) has been amended. In *State v. McGinnis*, this Court clarified the pre-amendment version of N.D.C.C. § 12.1-32-07(6) should apply in cases where the judgment of conviction and the subsequent revocation and resentencing happened prior to the amended version of N.D.C.C. § 12.1-32-07(6). 2022 ND 46, ¶¶ 12-14, 971 N.W.2d 379, reh'g denied (Apr. 6, 2022). Under application of the pre-amendment version, "in cases of suspended sentences, the statute 'unambiguously restrains a district court's authority in probation revocation cases to imposition of the sentence initially imposed but suspended.'" *Id.* at ¶ 12 (quoting *Dubois v. State*, 2021 ND 153, ¶ 23, 963 N.W.2d 543). In *McGinnis*, this Court concluded the district court imposed an illegal sentence upon revocation of probation by re-sentencing the defendant to a duration

3

exceeding the suspended sentence imposed in the original judgment of conviction. *Id.* at ¶ 14.

[¶9] In this case, Gonzalez's conviction and revocation occurred prior to the amendment of N.D.C.C. § 12.1-32-07(6), but his resentencing following the district court granting post-conviction relief took place after the amendment. In *Larsen,* we determined that the amendment to N.D.C.C. § 12.1-32-07(6) was not retroactive. 2023 ND 144, ¶ 11. In *Larsen*, the defendant's criminal convictions and sentencing occurred prior to the amendment of the statute, but his revocation and resentencing took place after the amendment. *Id.* at ¶ 13. We held in *Larsen*, "[b]ecause the resentencing upon revocation is punishment for the original offenses, the version of N.D.C.C. § 12.1-32-07(6) in effect at the time of Larsen's original convictions and sentencing must be applied at the revocation and resentencing." *Id.* at ¶ 17.

[¶10] "Generally, unless there is a statute to the contrary, it is within the trial court's sound discretion whether a sentence should run concurrently with or consecutively to another sentence." *State v. Ulmer,* 1999 ND 245, ¶ 4, 603 N.W.2d 865 (citation omitted). In this instance, the district court's discretion was limited by this Court's interpretation of the pre-amendment version of N.D.C.C. § 12.1-32-07(6), which precludes increasing the length of a sentence on revocation. Here, the original sentences imposed a term of imprisonment of five years on each count, with 130 days credit for time served, to be served concurrently. The amended judgment imposed consecutive sentences of five years on each count, with credit for 6 years, 6 months, and 153 days. By resentencing Gonzalez to consecutive sentences, the court effectively increased Gonzalez's total term of imprisonment to 10 years. This duration of imprisonment exceeded the suspended sentences originally imposed. We conclude Gonzalez's sentences were illegal under application of the pre-amended version of N.D.C.C. § 12.1-32-07(6) because the sentences were greater than the originally imposed, but suspended, sentences.

[¶11] We conclude the district court misapplied the law in resentencing Gonzalez to consecutive sentences because doing so increased his sentence to

4

two five-year consecutive sentences. Therefore, the sentences imposed were illegal.

[¶12] We have considered the remaining arguments and conclude they are either unnecessary to our decision or are without merit.

IV

[¶13] We reverse and remand for resentencing consistent with this opinion.

[¶14] Jon J. Jensen, C.J.
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte
 Douglas A. Bahr