20230285

**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**FEBRUARY 22, 2024**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 33

State of North Dakota,  

                                               Plaintiff and Appellee

          v.

Rozalyn Lee Vondal Rinde,  

                                               Defendant and Appellant

### No. 20230285

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable Barbara L. Whelan, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Jarrod R. Steele, Assistant State's Attorney, Grafton, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**State v. Rinde**
**No. 20230285**

**Bahr, Justice.**

[¶1]   Rozalyn Rinde appeals from a criminal judgment entered after the district court revoked her probation and resentenced her. Rinde argues the court imposed an illegal sentence. We affirm.

I

[¶2]   After an April 7, 2021 probation search of her residence, the State charged Rinde in June 2021 with five counts, including one count of unlawful possession of a controlled substance (methamphetamine), a class A misdemeanor, and one count of endangerment of a child or vulnerable adult, a class C felony.

[¶3]   On September 15, 2021, Rinde entered into a plea agreement and pleaded guilty to unlawful possession of a controlled substance and to endangerment of a child or vulnerable adult; the State dismissed the remaining three counts. On the same date, the district court sentenced Rinde on the two counts concurrently to serve 360 days with the Department of Corrections and Rehabilitation, with all but 63 days suspended for two years of supervised probation and credit for 63 days previously served. The clerk of court filed a criminal judgment on September 23, 2021.

[¶4]   On November 5, 2021, the State petitioned the district court to revoke Rinde's supervised probation. After a November 3, 2022 revocation hearing, the court revoked her probation and entered an amended criminal judgment. On May 19, 2023, the State filed a second petition to revoke Rinde's probation. At the July 28, 2023 probation hearing, Rinde admitted to the allegations and the court resentenced her concurrently to 360 days on the misdemeanor count and to five years on the felony count, with credit for 124 days of time served on both counts. On July 31, 2023, the clerk of court entered a criminal judgment on the resentencing.

[¶5]   Rinde argues the district court imposed an illegal sentence. She argues the court lacked authority to impose the sentence under N.D.C.C. § 12.1-32-07(6). She further argues the sentence violates the prohibition on ex post facto laws.

[¶6]   Our standard for reviewing a criminal sentence is well established:

> A trial court has broad discretion in fixing a criminal sentence. Within this discretion also lies a trial court's authority to decide whether a sentence should run concurrently or consecutively. We have repeatedly held we have no power to review the discretion of the sentencing court in fixing a term of imprisonment within the range authorized by statute. Rather, our review of a criminal sentence is generally confined to whether the trial court acted within the statutorily prescribed sentencing limits or substantially relied on an impermissible factor. Thus, we will vacate a trial court's sentencing decision only if the trial court acted outside the limits prescribed by statute or substantially relied on an impermissible factor in determining the severity of the sentence.

*State v. Gonzalez*, 2024 ND 4, ¶ 6 (quoting *State v. Gonzalez*, 2011 ND 143, ¶ 6, 799 N.W.2d 402 (cleaned up)).

A

[¶7]   "Section 12.1-32-07(6), N.D.C.C., governs a district court's ability to modify a defendant's sentence upon revocation of probation." *Gonzalez*, 2024 ND 4, ¶ 6 (quoting *State v. Larsen*, 2023 ND 144, ¶ 6, 994 N.W.2d 194); *see also State v. McGinnis*, 2022 ND 46, ¶ 11, 971 N.W.2d 380. This section provides:

> The court, upon notice to the probationer and with good cause, may modify or enlarge the conditions of probation at any time before the expiration or termination of the period for which the probation remains conditional. If the defendant violates a condition of probation at any time before the expiration or termination of the period, the court may continue the defendant on the existing probation, with or without modifying or enlarging the conditions,

or may revoke the probation and impose any other sentence that was available under section 12.1-32-02 or 12.1-32-09 at the time of initial sentencing or deferment.

N.D.C.C. § 12.1-32-07(6).

[¶8] The legislature amended N.D.C.C. § 12.1-32-07(6) effective August 1, 2021. We recently explained:

> This section was amended, effective August 1, 2021, to remove the last sentence, which stated: "In the case of suspended execution of sentence, the court may revoke the probation and cause the defendant to suffer the penalty of the sentence previously imposed upon the defendant." 2021 N.D. Sess. Laws ch. 111, § 1; N.D.C.C. § 12.1-32-07(6) (2019). Under the previous version, the statute "unambiguously restrain[ed] a district court's authority in probation revocation cases to imposition of the sentence initially imposed but suspended." *McGinnis*, 2022 ND 46, ¶ 12, 971 N.W.2d 380 (quoting *Dubois v. State*, 2021 ND 153, ¶ 23, 963 N.W.2d 543). In *McGinnis*, we clarified, "our statutory interpretation decision in *Dubois v. State* did not change the law as of the date of the decision, but declared what section 12.1-32-07(6) meant at all times before it was amended effective August 1, 2021." *McGinnis*, at ¶ 14.

*Larsen*, 2023 ND 144, ¶ 6. Therefore, before August 1, 2021, N.D.C.C. § 12.1-32-07(6) "limited a court's ability to resentence a defendant in the case of a suspended execution of a sentence to only the sentence previously imposed, but suspended." *Larsen*, at ¶ 6.

[¶9] Effective August 1, 2021, the legislature removed this narrow limitation for language imposing a suspended sentence, leaving the district court with the ability to "impose any other sentence that was available . . . at the time of initial sentencing or deferment." N.D.C.C. § 12.1-32-07(6). In *Larsen*, we specifically concluded the August 2021 amendment to N.D.C.C. § 12.1-32-07(6) was not retroactive. 2023 ND 144, ¶ 11; *see also Gonzalez*, 2024 ND 4, ¶ 9.

B

[¶10] On the basis of our decisions in *Dubois*, 2021 ND 153; *McGinnis*, 2022 ND 46; and *Larsen*, 2023 ND 144, Rinde argues the maximum penalty allowed by law at her July 2023 revocation and resentencing was a 360-day term of imprisonment. She contends because revocation is tied to the date her original criminal offenses were committed, the "pre-amendment" version of N.D.C.C. § 12.1-32-07(6) controls the revocation. She argues altering her original sentence to anything more severe violates the pre-amendment statute and the district court imposed an illegal sentence by sentencing her to five years in prison rather than 360 days. The State responds the court did not impose an illegal sentence because N.D.C.C. § 12.1-32-07(6), as amended on August 1, 2021, allows the court to impose any sentence available at the time of the initial sentencing.

[¶11] Our prior cases have stated what version of N.D.C.C. § 12.1-32-07(6) applies is determined by the date of the original convictions and sentencing, not the date of the offense. In *Larsen*, the defendant's criminal convictions and sentencing occurred before the August 2021 amendment of the statute, while his revocation and resentencing occurred after the amendment. 2023 ND 144, ¶ 13. We held that "[b]ecause the resentencing upon revocation is punishment for the original offenses, the version of N.D.C.C. § 12.1-32-07(6) in effect at the time of Larsen's *original convictions and sentencing* must be applied at the revocation and resentencing." *Larsen*, at ¶ 17 (emphasis added). We therefore reversed the district court's resentencing that did not apply the limit existing in the pre-amendment version of N.D.C.C. § 12.1-32-07(6). *Larsen*, at ¶ 18.

[¶12] Similarly, in *Gonzalez*, the defendant's conviction and revocation occurred before the August 2021 amendment of N.D.C.C. § 12.1-32-07(6), but his resentencing occurred after the amendment following the district court's grant of post-conviction relief. 2024 ND 4, ¶ 9. As in *Larsen*, we held the court's discretion was limited by our interpretation of the pre-amendment version of N.D.C.C. § 12.1-32-07(6). *Gonzalez*, at ¶ 10. We reversed, concluding "Gonzalez's sentences were illegal under application of the pre-amended version of N.D.C.C. § 12.1-32-07(6) because the sentences were greater than

4

the originally imposed, but suspended, sentences." *Gonzalez*, at ¶ 10; *see also* *McGinnis*, 2022 ND 46 (applying the pre-amendment version of N.D.C.C. § 12.1-32-07(6) when the defendant pleaded guilty and was sentenced in 2017); *Dubois*, 2021 ND 153 (applying the pre-amendment version of N.D.C.C. § 12.1-32-07(6) when the defendant pleaded guilty and was sentenced in August 2017).

[¶13] In this case, Rinde entered into a plea agreement on September 15, 2021, and Rinde's original conviction and sentencing occurred on September 15, 2021. Section 12.1-32-07(6), N.D.C.C., as amended August 1, 2021, was in effect at the time. The district court properly advised Rinde at her sentencing hearing on September 15, 2021 that the maximum possible punishment for the C felony child endangerment count included the potential of a five-year sentence. The court also advised her of the potential consequences of a probation violation under the statute as it existed at that time. The original criminal judgment was subsequently entered on September 23, 2021. Unlike in *Larsen* and *Gonzalez*, Rinde's criminal convictions and sentencing occurred after the August 2021 amendment of N.D.C.C. § 12.1-32-07(6). Section 12.1-32-07(6), N.D.C.C., as amended August 1, 2021, was the law in effect at the time of her conviction and sentencing. Therefore, the court was not limited by the pre-amendment version of N.D.C.C. § 12.1-32-07(6) when the court revoked Rinde's probation and resentenced her in July 2023. We conclude the court did not impose an illegal sentence in resentencing Rinde concurrently to 360 days on the misdemeanor count and to five years on the felony count, with credit for 124 days of time served on both counts.

C

[¶14] Rinde argues the district court's application of N.D.C.C. § 12.1-32-07(6), as amended on August 1, 2021, to her judgment of conviction and resentencing resulted in an "ex post facto application." *See* U.S. Const. art. 1, § 10; N.D. Const. art. I, § 18. Rinde argues retroactively increasing her original sentence from a maximum of 360 days to five years violated the prohibition on ex post facto laws. Rinde provides no meaningful authority or analysis to support her position.

[¶15] We have held the August 2021 amendment to the statute is not retroactive. *Larsen*, 2023 ND 144, ¶ 11; *Gonzalez*, 2024 ND 4, ¶ 9. Moreover, the 2021 amendment did not increase the maximum possible punishment for the count of C felony child endangerment. Addressing a similar argument in *Knutson v. Foughty*, 2023 ND 20, 985 N.W.2d 695, Justice Tufte in his concurrence explained the 2021 amendment "simply changed the words" a district court must use in imposing a suspended sentence:

> Knutson argues his sentence violates the ex post facto clauses of the state and federal constitutions because his criminal conduct predated the effective date of the 2021 amendment to the statute governing suspended sentences. The amendment to the statute did not change the maximum sentence the district court could impose on Knutson. It simply changed the words the court must use to express its intent as to sentencing. Before August 2021, the maximum sentence was five years in prison, with any time not served in custody available to be imposed upon any revocation of probation. After August 2021, the same maximum sentence was available. The words prescribed to express that sentence were altered by the statute. The difference is that a sentence stating an amount of suspended time less than the maximum allowed by law is no longer binding on a subsequent court sentencing after revocation. The amendment's removal of discretion to limit the potential consequences upon revocation of probation does not place the law in violation of the ex post facto clause, N.D. Const. art. I, § 18. The amendment does not make criminal an act that was formerly innocent, aggravate the crime, increase the punishment, or relax the evidence required to prove the offen[s]e. *State v. Jensen*, 333 N.W.2d 686, 693-94 (N.D. 1983) (quoting definition of ex post facto laws first articulated in *Calder v. Bull*, [3 U.S. 386, 390, 3 Dall. 386, 1 L. Ed. 648] (1798)).

*Knutson*, at ¶ 19 (Tufte, J., concurring). We agree with this rationale and conclude Rinde's argument to the contrary is unavailing.

## III

[¶16] We have considered the remaining arguments and conclude they are either unnecessary to our decision or are without merit. The criminal judgment is affirmed.

[¶17] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr