# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 55

State of North Dakota,

Plaintiff and Appellee

v.

Michael Allan Nelson,

Defendant and Appellant

## No. 20230346

Appeal from the District Court of Barnes County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Tonya Duffy, State's Attorney, Valley City, ND, for plaintiff and appellee; submitted on brief.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant; submitted on brief.

**Crothers, Justice.**

[¶1] Michael Nelson appeals from a district court's order and judgment revoking his probation and resentencing him to 36 months of incarceration. Nelson argues the court erred by imposing an illegal sentence after it revoked his probation because the new sentence is longer than his original sentence. He contends the sentence should be reversed and made consistent with his original sentence. We affirm.

I

[¶2] "A district court has discretion in sentencing, and review of a sentence is generally limited 'to whether the court acted within the statutorily prescribed sentencing limits or substantially relied on an impermissible factor.'" *State v. Clark*, 2012 ND 135, ¶ 18, 818 N.W.2d 739. This Court reviews a district court's decision for an "abuse of discretion," *id.*, and a "court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law." *State v. Pemberton*, 2019 ND 157, ¶ 12, 930 N.W.2d 125.

[¶3] "The sentencing court shall correct an illegal sentence at any time." N.D.R.Crim.P. 35(a)(1). A sentence is illegal if "it is not authorized by the judgment of conviction." *State v. Williamson*, 2024 ND 7, ¶ 4, 1 N.W.3d 610. An illegal sentence occurs when it is "in excess of a statutory provision or in some other way contrary to an applicable statute." *State v. Glasser*, 2021 ND 60, ¶ 7, 956 N.W.2d 373. A district court that revokes probation can "impose any other sentence that was available" at the time of the initial sentencing or deferment. N.D.C.C. § 12.1-32-07(6).

[¶4] In their briefing, the parties agreed Nelson's crimes aligned with the *Dubois* line of cases, which limits a district court to resentence probationers to no greater than their original sentence. *Dubois v. State*, 2021 ND 153, ¶ 23, 963 N.W.2d 543; *State v. McGinnis*, 2022 ND 46, ¶¶ 12-14, 971 N.W.2d 380;

*State v. Larsen*, 2023 ND 144, ¶ 6, 994 N.W.2d 194; *State v. Gonzalez*, 2024 ND 4, 1 N.W.3d 919. The parties were not correct.

[¶5]  Nelson's crime, sentencing, and revocation of probation occurred in 2022 and 2023, which was after the 2021 amendment to N.D.C.C. § 12.1-32-07(6). The 2021 amendment removed language limiting the district court's ability to resentence a probationer to terms greater than their original sentence. 2021 N.D. Sess. Laws ch. 111. The section now reads that when a probationer falters during probation, the district court may impose any sentence that was available during the original sentencing. N.D.C.C. § 12.1-32-07(6).

[¶6]  Under the statute as amended in 2021, the district court had authority to resentence Nelson to the maximum allowed at the time of his original sentence. N.D.C.C. § 12.1-32-07(6); s*ee also State v. Rinde*, 2024 ND 33, ¶¶ 8-9 (discussion of 2021 amendment to N.D.C.C. § 12.1-32-07(6) and the interplay within the *Dubois* line of cases). The district court did not abuse its discretion when it resentenced Nelson. We affirm.

[¶7]  Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr